IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAMEON WARFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:12-00483 |
| v. ) | Judge Trauger / Knowles |
| ) | Jury Demand |
| TONY CRAWFORD, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

Pending before the Court is Defendant's Motion for Summary Judgment. Docket No. 24. Along with that Motion, Defendant has contemporaneously filed a supporting Memorandum of Law with Exhibits (Docket Nos. 25 - 25-7), a "Concise Statement of Material Facts As To Which There Is No Genuine Issue For Trial" (Docket No. 26), and Defendant's Declaration (Docket No. 27).

Plaintiff has not filed a response to Defendant's Motion or to Defendant's "Concise Statement of Material Facts As To Which There Is No Genuine Issue For Trial."

Plaintiff, an inmate at the Robertson County Detention Facility ("RCDF") at all times relevant to the case at bar, filed this pro se, in forma pauperis, action pursuant to 42 U.S.C. §1983, alleging that his privacy rights are violated because female officers working in the tower at RCDF are able to view his nude body when he is showering. Docket No. 1. Plaintiff sues RCDF Jail Administrator Tony Crawford, in both his official and individual capacities. *Id.* Plaintiff seeks "for something to be done about the shower," and for $50,000 in compensatory

1

damages. *Id.*

## II. Facts

### A. Allegations of Plaintiff's Complaint

The factual allegations of Plaintiff's Complaint, in their entirety, are as follows:

> I have filed several complaints + grievances concerning women working in the tower here at R.C.D.C. While we take showers I feel sexually violated, they say a small privacy wall protects my privacy, but that's not true many female officers have commited [*sic*] that they can see everything while we are showering, it is sexual harrassment [*sic*] protected by a double standard that has caused me to have body issues and strenous [*sic*] mental issues.

Docket No. 1, p. 5.

Plaintiff's Complaint contains a declaration under penalty of perjury.

### B. Undisputed Facts[1]

RCDF employs both male and female correctional officers. Docket No. 27, Declaration of Tony Crawford ("Crawford Dec."), ¶ 3. These correctional officers are assigned to monitor both the male and female pods, including the shower areas, to ensure inmate and officer safety. *Id.*, ¶ 4. RCDF officers rotate between the booking area, the tower, and the pods. *Id.*, ¶ 5. Accordingly, female correctional officers will occasionally staff the tower overlooking the pods where the male inmates are housed, including the men's shower area. *Id.*

Although female correctional officers do occasionally staff the tower, it is infrequent for female correctional officers to observe male inmates showering in the men's shower area because: (1) female correctional officers do not accompany male inmates to or from the shower

---

[1] The following facts, set forth in the Declaration of Defendant, are in a form required by Fed. R. Civ. P. 56 and are undisputed.

area or remain present in the shower area while male inmates shower; (2) the only occasion on which a female correctional officer would have the opportunity to observe a male inmate showering is when stationed at the tower; (3) female correctional officers are only stationed at the tower two to three times per week during the second shift, which begins at 2:00pm and ends at 10:00pm, and are rarely stationed at the tower during the first shift, which begins at 6:00am and ends at 2:00pm; (4) the rules and regulations at RCDF only require inmates to shower two times per week and allow inmates to take their showers at any time during the fourteen hours a day they are permitted to be out of their cells (7:00am to 9:00pm); and (5) before taking a shower, inmates can use the call buttons in their cells or in the dayroom, which is connected to the tower, to find out if a male or female correctional officer is stationed in the tower and schedule their showers accordingly. *Id.*, ¶¶ 7-12. Therefore, if an inmate were to take a shower during one of those limited shifts when a female correctional officer was stationed at the tower, it would be at the inmate's discretion as there are several hours each day and throughout the week during which time the tower is staffed my male correctional officers. *Id.*, ¶ 13.

Any surveillance of the men's shower area by female correctional officers is from a distance, because, *inter alia*, the tower is situated on the second floor of the facility and is positioned over an open area to the left of the men's shower area, which is located on the first floor of the facility. *Id.*, ¶ 14. Additionally, the video footage a correctional officer watches on the monitors is somewhat pixelated, which allows the correctional officer to monitor the shower area for unusual activity while still providing inmates with quite a bit of privacy as their body is not visible in great detail. *Id.*, ¶ 20. Moreover, even if a male inmate were to shower when a female correctional officer was stationed at the tower, the inmate would only be able to be seen

3

from the chest up when standing in the shower stall because the two shower stalls in the men's shower area have privacy walls that are 49 ½ inches tall. *Id.*, ¶¶ 15-16, 19. The privacy walls are in place to provide inmates with a reasonable degree of privacy while still enabling the shower area to be monitored to ensure the safety and security of inmates. *Id.*, ¶ 17. An inmate's privacy rights are further protected by the fact that inmates are not required to disrobe before entering the shower stalls. *Id.*, ¶ 18.

Employing female correctional officers and allowing female correctional officers to staff the tower furthers Robertson County's interest as an equal opportunity employer in providing employment opportunities to women. *Id.*, ¶ 6. Additionally, keeping the tower staffed with correctional officers, whether male or female, enhances security at the facility and enables it to effectively deploy all available staff. *Id.*

### III. Analysis

**A. Local Rules 7.01(b) and 56.01(c) and (g)**

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendant filed the pending Motion on June 26, 2012. Docket No. 24. Plaintiff has failed to respond to Defendant's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

4

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendant's "Concise Statement of Material Facts As To Which There Is No Genuine Issue For Trial." Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

## B.  Motion for Summary Judgment

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met their burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v.*

*Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C.  The Case At Bar**

It is undisputed that inmates can shower at any time between 7:00am and 9:00pm and can use the call buttons in their cells or in the dayroom to find out whether a male or female correctional officer is stationed in the tower and schedule their showers accordingly.  It is also undisputed that inmates are visible only from the chest up when standing in the shower stall because the two shower stalls in the men's shower area have privacy walls that are 49 ½ inches tall.  It is additionally undisputed that inmates are not required to disrobe prior to entering the shower stalls, and that female correctional officers do not accompany male inmates to or from the shower area or remain present in the shower area while inmates shower.

Because Plaintiff can determine when male correctional officers are working in the tower and choose to shower only when male correctional officers are working in the tower, because Plaintiff does not have to disrobe prior to entering the shower stall, and because the shower stalls have privacy walls that are 49 ½ inches tall, Plaintiff has failed to establish the violation of his federally protected rights.  Absent the violation of such a right, Plaintiff cannot sustain an action under 42 U.S.C. §1983 against Defendant in either his official or individual capacity.

**IV.  Conclusion**

For the foregoing reasons, the undersigned recommends that  Defendant's Motion for Summary Judgment be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have

7

fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge