UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAMEON WARFIELD, ) | |
| ) | |
| Plaintiff, ) | No. 3:12-cv-483 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| TONY CRAWFORD, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M**

On November 27, 2012, the Magistrate Judge issued a Report and Recommendation (R&R) (Docket No. 41) on the motion for summary judgment filed by the defendant (Docket No. 24), recommending that the motion be granted.

Pending before the court are Objections to the R&R timely filed by the plaintiff (Docket No. 44) and a response filed by the defendant (Docket No. 45). For the reasons discussed below, the court finds that the plaintiff's Objections lack merit and should be overruled.

**I.     Introduction**

The plaintiff, an inmate at the Robertson County Detention Facility (RCDF), brought this *pro se, in forma pauperis* action pursuant to 42 U.S.C. § 1983 against RCDF jail administrator Tony Crawford in both his official and individual capacities. (Docket No. 1). The plaintiff alleges his privacy rights are violated because female officers working in the RCDF tower are able to view the plaintiff's nude body when he is showering. (*Id.* at p. 5). The plaintiff states that "many female officers" have told him "they can see everything" while he and the other inmates are showering. (*Id.*)

1

The plaintiff seeks monetary compensation for the alleged violation of his privacy and "for something to be done about the shower." (*Id.* at p. 6).

The defendant filed a motion for summary judgment (Docket No. 24), a "Concise Statement of Materials Facts As To Which There Is No Genuine Issue For Trial" ("Concise Statement of Facts")(Docket No. 26), and the defendant's Declaration (Docket No. 27). In addition, the defendant manually submitted three photographs and a video, all depicting a male correctional officer standing in each of the two shower stalls in the men's shower area and providing the view a female correctional officer would have of the shower stalls while standing at the tower windows or sitting at the tower desk watching the video monitors. (Exhs. 1 and 2 to Docket No. 27). The plaintiff did not respond to the defendant's motion for summary judgment or to the defendant's Concise Statement of Facts.

## II. Report and Recommendation

In the R&R (Docket No. 41), the Magistrate Judge recommends that the defendant's motion for summary judgment be granted because the plaintiff has failed to establish the defendant's violation of the plaintiff's federally protected rights. (*Id.* at p. 7). In particular, the Magistrate Judge found that (1) the plaintiff can determine when female correctional officers are working in the tower and choose to shower only when male correctional officers are working in the tower; (2) the plaintiff does not have to disrobe prior to entering the shower stall; and (3) the shower stalls have privacy walls that are 49 ½ inches tall. (*Id.*) Consequently, the Magistrate Judge concluded that, absent the violation of a federally protected right, the plaintiff cannot sustain an action under 42 U.S.C. § 1983 against the defendant in either his official or individual capacity. (*Id.*)

2

**III.     Standard of Review**

When a magistrate judge files a R&R regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the R&R to which a party specifically objects. Fed. R .Civ. P. 72(b)(3).  Here, the R&R  concerned a motion for summary judgment, so this court will review the contested findings *de novo*. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir.2001).

Federal Rule of Civil Procedure 56(c) requires the court to grant a motion for summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed .R. Civ .P. 56(c).  If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings "set[ting] forth specific facts showing that there is a genuine issue for trial."  *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the [plaintiff]." *Moldowan*, 578 F.3d at 374.

"'[T]he judge's function is not ... to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'"   *Id*. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  But "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient," and the plaintiff's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 249, 252.  An issue of fact is "genuine" only if a reasonable jury could find for the plaintiff.  *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## IV.     Plaintiff's Objections to the R&R

The plaintiff filed Objections to the Magistrate Judge's recommendation to grant the defendants' motion for summary judgment. (Docket No. 44).

The plaintiff's first objection is that the photographs submitted by the defendant do not accurately depict the position of an inmate standing directly under the shower. (Docket No. 44 at p. 2). The plaintiff's second objection is that the photographs do not accurately depict the height of the pod cameras; "the pod camera is much higher and gives an even higher angle looking down into the shower stall." (*Id*. at p. 3). Moreover, says the plaintiff, "[t]he cameras are not pixelated" as the defendant contends but "are high definition and can zoom in." (*Id*.) The plaintiff's third objection is to the defendant's argument regarding the privacy wall. (*Id*. at p. 4). The plaintiff alleges that the height of the privacy wall does not provide enough privacy to inmates who are over six (6) feet tall. (*Id*.) The plaintiff's fourth objection is that "it makes no difference if the showers are on the left or right because all the pods are mirror images of each other." (*Id*. at p. 5). In addition to these objections, the plaintiff also questions why he was not given the opportunity to view the DVD submitted to the court and why he was not able to submit photographs in support of his position "just like the defendant did." (*Id.* at pp. 2, 5).

The record shows that, on June 27, 2012, the defendant sent via United States mail, postage prepaid, the plaintiff a copy of the photographs and DVD. (Docket No. 30). Given the plaintiff's objections to the positioning of the correctional officer in the photographs, the plaintiff apparently received the defendant's package. It appears that the plaintiff did not make arrangements to view the video footage on the DVD. It also appears that the plaintiff failed to seek relief from the court

4

so as to enable him to take his own photographs. Furthermore, the plaintiff failed to respond <u>in any way</u> to the defendant's pending motion for summary judgment.

However, <u>even if</u> the court assumes for purposes of this memorandum that, if given an additional opportunity to do so, the plaintiff could present admissible evidence of his own demonstrating different camera and video angles and heights, <u>and</u> even if the court assumes that some inmates' height renders the privacy walls in the shower stalls less effective at shielding the inmates' genitals, the court nevertheless agrees with the Magistrate Judge's conclusion. If an inmate were to take a shower during one of the limited shifts when a female correctional officer was stationed at the tower, <u>it would be at the inmate's discretion</u>. There are several hours each day and throughout the week during which time the tower is staffed by male correctional officers, and inmates are afforded the opportunity, <u>before</u> electing to shower, to use the call button in their cells or in the dayroom, which is connected to the tower, to find out if a male or female correctional officer is stationed in the tower. The plaintiff has not disputed these facts either in response to the defendant's motion for summary judgment or in his Objections to the Magistrate Judge's R&R.

Further, the plaintiff has presented no evidence, or even argued, that the call-button procedure has failed at any time to provide the plaintiff with adequate notice of the presence of a female correctional officer on duty. For example, the plaintiff has not argued that on any occasion he has checked with the tower, confirmed that a male correctional officer was on duty, elected to shower, and later discovered that a female correctional officer was in tower. Neither has the plaintiff argued that the only times when female guards are not stationed at the tower and inmates are permitted to shower are also the only times during which an inmate may eat his meals, attend religious services, or enjoy outdoor recreation. Thus, the plaintiff has not raised a genuine issue of

5

material fact as to whether he must expose his naked body to female correctional officers in violation of his federally protected privacy rights.[1]

## V. Conclusion

After reviewing the pleadings and the record *de novo*, and considering the plaintiff's specific Objections to the Magistrate Judge's Report and Recommendation entered on November 27, 2012, the court agrees with the Magistrate Judge's analysis and recommendation and finds that there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Therefore, the plaintiff's Objections will be overruled, and the R&R will be adopted and approved.

An appropriate order will follow.

Aleta A. Trauger
United States District Judge

---

[1] If the inmates lacked discretion as to whether they could take a shower while a female correctional officer was stationed in the tower, the court's analysis would continue as it did in *Sumpter-Bey v. Weatherford*, No. 3:10-cv-1021 (M.D. Tenn. Mar. 30, 2012), with the court considering whether the female guards "regularly and closely" viewed the male inmates while they showered and/or whether cross-gender monitoring of the showers at the RCDF failed to serve legitimate penological security, staffing, and equal employment opportunity interests.